# SECTION 362 INFORMATION COVER SHEET

DEBTORS:   Susan Hymas and Lynn R Hymas

BANKRUPTCY NO.  13-13182-bam

MOVANT: Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2
CHAPTER:  7

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 5/24/2013           Signature:  /s/ Sherry A. Moore, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 3116 Floral Vista Ave, Henderson, NV 89014-3635

NOTICE SERVED ON: Debtors:  Susan Hymas and Lynn R Hymas; Debtors' counsel, H Stan Johnson; Trustee, David A. Rosenberg.
DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTORS' CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | |
| 1st  Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2 | $ | 351,050.47 | The EXTENT and PRIORITY OF LIENS: 1st 2nd |
| 2nd | $ | | 3rd |
| 3rd | $ | | Other |
| 4th | $ | | Total Encumbrances: |
| Total Encumbrances: | $ | 351,050.47 | |
| APPRAISAL or OPINION as to VALUE: | $ | 123,209.00 | APPRAISAL or OPINION as to VALUE: |
| TERMS OF MOVANT'S CONTRACT with the DEBTOR | | | OFFER OF "ADEQUATE PROTECTION" for MOVANT: |
| Amount of Note:      $270,000.00<br>Interest Rate:       5.5%<br>Duration:            30 Years<br>Payment per month:   $2,032.71<br>Date of Default :    09/01/10<br>Amount of Arrears:   $70,129.73<br>Date of Notice of Default: 12/19/2012<br>SPECIAL CIRCUMSTANCES:  There is no equity in the property for the debtor.<br><br>Submitted by:  Sherry A. Moore<br>Signature:   /s/ Sherry A. Moore | | | SPECIAL CIRCUMSTANCES:<br><br><br><br>Submitted by:<br><br>Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet. The Cover Sheet requires a statement of the nature and extent of the liens on the Debtors' property at issue. The movant must show at least the status of the issue. The movant must show at least the status of the movant's lien and any senior liens. At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtors' formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed. Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtors, the Debtors' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee. See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

| | |
|---|---|
| Kristin A. Schuler-Hintz, Esq., SBN 7171 | E-filed: 5/24/2013 |
| Sherry A. Moore, Esq., SBN 11215 | |
| McCarthy & Holthus, LLP | |
| 9510 West Sahara Avenue, Suite 110 | |
| Las Vegas, NV 89117 | |
| Phone (702) 685-0329 | |
| Fax (866) 339-5691 | |
| NVBK@McCarthyHolthus.com | |

Attorney for Secured Creditor, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2, its assignees and/or successors, by and through its servicing agent Americas Servicing Company

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 13-13182-BAM |
| | ) |
| Susan Hymas, | ) Chapter 7 |
| Lynn R Hymas, | ) |
| | ) **DEUTSCHE BANK NATIONAL TRUST** |
| Debtors. | ) **COMPANY, AS TRUSTEE FOR** |
| | ) **MORGAN STANLEY CAPITAL I INC.** |
| | ) **TRUST 2006-NC2'S MOTION FOR** |
| | ) **RELIEF FROM AUTOMATIC STAY AND** |
| | ) **ABANDONMENT** |
| | ) |
| | ) HEARING: |
| | ) DATE:  06/28/13 |
| | ) TIME:     9:00 am |
| | ) CTRM:   3 |
| | ) PLACE:  300 Las Vegas Boulevard South, |
| | ) Las Vegas, NV 89101 |

**Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2, its assignees and/or successors in interest** ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may, enforce its rights under applicable state law, or at its election, seek to modify the loan, relative to the Note and Deed of Trust secured by the Debtors' property,

1

commonly known as 3116 Floral Vista Ave, Henderson, NV 89014-3635 ("Property" herein). Further, Secured Creditor moves this Court for an Order for Abandonment pursuant to 11 U.S.C. § 554(b) and Bankruptcy Rule 6007(b).

Secured Creditor is the holder of a Promissory Note dated 10/26/2005, in the principal amount of $270,000.00, which is secured by the Deed of Trust of the same date. **See Exhibit "1"** which is a copy of the promissory note.

The current market value of the Debtors' subject Property is $123,209.00, based upon the Debtors' own value as set forth in Schedule A. **See Exhibit "2"**.

Based upon Secured Creditor's past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property. In the present case, the Debtors have no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | |
|---|---|
| Value | $ 123,209.00 |
| Total Liens to Secured Creditor | $ 351,050.47 |
| Equity | $ (227,841.47) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject property, the subject property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected.

Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. The Debtors are in substantial default with post-petition payments. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

The Debtors filed this subject bankruptcy petition on 04/15/2013.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

///

With respect to Secured Creditor's Deed of Trust, the following is now due:

**Total Due**

| | | |
|---|---:|---:|
| Unpaid Principal Balance: | $ | 297,039.69 |
| Accrued Interest as of 05/16/2013: | $ | 45,598.58 |
| Escrow Advances as of 05/16/2013: | $ | 5,553.48 |

DELINQUENCIES

| | | |
|---|---:|---:|
| Monthly Payments: 2 at $2,017.98 (09/01/10 through 10/01/10) | $ | 4,035.96 |
| Monthly Payments: 12 at $2,051.13 (11/01/10 through 10/01/11) | $ | 24,613.56 |
| Monthly Payments: 19 at $2,032.71 (11/01/11 through 05/01/13) | $ | 38,621.49 |
| Late Charges: | $ | 2,178.72 |
| Property Inspections: | $ | 55.00 |
| Non-Escrow Advances: | $ | 625.00 |
| **Total Delinquencies:** | **$** | **70,129.73** |

| | | |
|---|---:|---:|
| **Total Due to Secured Creditor:** | **$** | **351,050.47** |

The next scheduled monthly payment of $2,032.71 is due 06/01/2013, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents. Late charges will accrue if payment is not received by the 15th of the month.

Secured Creditor recorded a Notice of Default to foreclose on the Property on 12/19/2012. The trustee sale and foreclosure have since been stayed as a result of the subject bankruptcy case.

Debtors executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly endorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or assignee of the mortgage or deed of trust.

In accordance with Local Rule 4001(a)(2), on 04/19/2013, Secured Creditor sent a Meet and Confer letter to the parties of interest herein in an attempt to communicate in good faith regarding resolution of the instant motion. **See Exhibit "3".** On 4/22/2013, Debtors responded to the Meet and Confer letter, indicating that they had not previously applied for or been denied

for a modification.  **See Exhibit "4"**.  Also on 4/22/2013, counsel for Secured Creditor responded to Debtors' counsel, informing him that since the Debtors had in fact previously applied for and had been denied for a loan modification on 8/20/2012 due to ineligibility per investor guidelines (**see Exhibit "5"**), Secured Creditor would have to proceed with the Motion.

## ORDER COMPELLING THE TRUSTEE TO ABANDON THE PROPERTY IS APPROPRIATE PURSUANT TO 11 U.S.C. § 554(b)

Pursuant to 11 U.S.C § 554(b) and Bankruptcy Rule 6007(b), the court may, on request of a party in interest and after notice and a hearing, order the trustee to abandon any property of the bankruptcy estate that is burdensome or of inconsequential value and benefit to the estate. The party seeking abandonment bears the burden of proving the property is either burdensome or of inconsequential benefit and value to the estate. In re Alexander, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003). The bankruptcy court has the discretion to determine whether the factual predicates for abandonment are present. In re Nelson, 251 B.R. 857, 859 (B.A.P. 8th Cir. 2000). Bankruptcy courts have found that abandonment is appropriate in circumstances where there is no concrete evidence of value to the bankruptcy estate. See Id. at 861.  Further, the bankruptcy court may order abandonment in a bankruptcy proceeding that involves issues other than abandonment, such as automatic stay litigation. Catalano v. C.I.R., 279 F.3d 682, 687 (9th Cir. 2002).

The trustee is to act as expeditiously as is compatible with the best interests of the parties. 11 U.S.C. § 704(a)(1). Estes & Hoyt v. Crake (In re Riverside-Linden Inv. Co.), 925 F.2d 320, 322 (9th Cir. 1991). The determination of burdensome should be applied to the estate property as a comparison of benefit to the administrative expense to the estate. Section 554 was enacted to prevent trustees from taking burdensome and valueless property for the sole purpose of increasing their commissions or simply to obtain funds for their own administrative commissions. In re K.C. Machine & Tool Co., 816 F.2d 238, 246 (6th Cir. 1987). It is inappropriate for a trustee to give an indication of intent to abandon then chance his position, with the only rationalization being that the trustee could possibly be entitled to trustee's fees on the funds to go to paying a miniscule portion of the claims, like, for instance, paying unsecured creditors at the expense of a secured creditor. See In re Pauline, 119 B.R. 727 (B.A.P. 9th Cir.

4

1990). Abandonment is meant to protect the estate from excessive administrative action without benefit to the unsecured creditors. Id." If trustees wish to explore the possibility of the benefit to the estate, then they must assume all the burdens and responsibilities of preserving and maintaining the property. It is unpersuasive to have the Trustee place these burdens and responsibilities on the Debtor, who is seeking to obtain a fresh start, to continue to preserve and maintain the property and claim these costs as administrative expenses upon any later sale or distribution.

Here, since the subject property has no equity, it is accordingly burdensome to, and/or is of inconsequential value and benefit to, the estate. Moreover, the Debtor has claimed a homestead exemption pursuant to Nev. Rev. Stat. § 21.090(1)(l) and 115.050. Thus, an Order directing that the Trustee abandon the subject property is appropriate in accordance with 11 U.S.C. § 554(b).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.
2. For an Order directing that the Trustee abandon the subject property, as the subject property has no equity and thus, is burdensome to, and/or is of inconsequential value and benefit to, the estate pursuant to 11 U.S.C § 554(b).
3. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to contact the Debtor via telephone or written correspondence to offer such an agreement.
4. For an Order for the immediate pre-confirmation distribution and accounting of any funds being held as adequate protection for Secured Creditor.
5. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

| | |
|---|---|
| 1 | 6. For an Order modifying the automatic stay to protect Secured Creditor's interest, as |
| 2 | the Court deems proper. |
| 3 | 7. For attorneys' fees and costs incurred herein. |
| 4 | 8. For such other relief as the Court deems proper.. |

Dated: May 24, 2013                McCarthy & Holthus, LLP

By: /s/ Sherry A. Moore
Sherry A. Moore, Esq.
Kristin A. Schuler-Hintz, Esq.
Attorney for Secured Creditor
Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2, its assignees and/or successors, by and through its servicing agent Americas Servicing Company